# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1997

**FILED**

April 24, 1997

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| ROOSEVELT JOHN SMITH, JR., | ) | C.C.A. NO. 01C01-9604-CR-00135 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

SHAWN A. TIDWELL
209 Tenth Avenue, South
Suite 511
Nashville, TN 37203

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

SHARON L. BROX
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. On September 8, 1994, the Petitioner pleaded guilty to six counts of aggravated burglary and one count of possession of cocaine with intent to sell or deliver. As specified in the plea agreement, the trial court sentenced him to fifteen years imprisonment for each aggravated burglary conviction, all running concurrently, and to twenty years for the drug conviction. The drug sentence was ordered to run consecutively to the burglary sentences, resulting in an effective sentence of thirty-five years in the Department of Correction. The Petitioner was classified as a Range III Persistent Offender. He filed a pro se petition for post-conviction relief on July 11, 1995, which was amended with the assistance of counsel on October 20, 1995. In his petition for post-conviction relief, the Petitioner argued that he was denied effective assistance of counsel at his guilty plea proceeding. After conducting an evidentiary hearing, the trial court found that the Petitioner had received effective assistance of counsel and denied the petition. We affirm the judgment of the trial court.

Although the record contains little information concerning the circumstances of the offenses, we begin by setting forth the relevant facts pertaining to the Petitioner's issue. The Petitioner was charged with several offenses through three separate indictments. Indictment number 94-B-884 charged him with one count of aggravated burglary and one count of theft of property valued between one thousand dollars ($1,000) and ten thousand dollars

($10,000). Indictment number 94-B-886 charged him with two counts of aggravated burglary and two counts of theft of property valued between one thousand dollars ($1,000) and ten thousand dollars ($10,000). Indictment number 94-B-887 charged him with three counts of aggravated burglary and three counts of theft of property valued between one thousand dollars ($1,000) and ten thousand dollars ($10,000). In addition, the Petitioner was charged by information with one count of possession of cocaine with intent to sell or deliver. It appears that the Petitioner was on parole at the time of the alleged commission of the offenses.

Larry Hoover was appointed to represent the Petitioner. Hoover consulted the Petitioner and began negotiating with the district attorney's office. The initial offer allowed the Petitioner to plead guilty to the aggravated burglaries as well as the drug offense and receive an effective sentence of forty-five years to be served as a career offender at sixty percent (60%). Hoover eventually convinced the assistant district attorney to offer a sentence of thirty-five years to be served as a persistent offender at forty-five percent (45%). The Petitioner accepted this offer and, on September 8, 1994, entered guilty pleas to six counts of aggravated burglary and one count of possession of cocaine with intent to sell or deliver.

On July 11, 1995, the Petitioner filed a pro se petition for post-conviction relief, challenging only his drug conviction. The petition was amended with the assistance of counsel, but the amended petition still challenged only the drug conviction. The Petitioner argued that his attorney at the guilty plea proceeding, Larry Hoover, rendered ineffective assistance of counsel in two respects. The Petitioner first contended that his trial counsel erroneously informed him that the

sentence for the drug conviction would run concurrent with his sentences for aggravated burglary. Secondly, he contended that his trial counsel failed to investigate the circumstances surrounding the drug offense. The trial court conducted an evidentiary hearing on October 20, 1995.

The Petitioner testified in his own behalf at the evidentiary hearing. He stated that he had met with his attorney approximately four times before pleading guilty. According to the Petitioner, he was not present at the plea negotiations. His attorney informed him that, under the plea agreement, he would receive fifteen year sentences for the burglaries and a twenty year sentence for possession of cocaine with intent to sell or deliver. He and his attorney spent only five to ten minutes going over the plea agreement, and he did not completely read it before signing it. The Petitioner understood his effective sentence to be twenty years. He stated that he would have proceeded to trial if he had realized that his effective sentence was thirty-five years.

The Petitioner's testimony also provided the only facts in the record pertaining to the drug offense. He testified that he was driving a van which was titled in the name of Karen Wills. There were apparently other individuals in the van. The Petitioner pulled into a car wash and knocked on the door of the service booth. He heard a voice ask him to wait for a minute. He waited and eventually knocked on the door again. According to the Petitioner, the door opened and a police officer put a gun to his head, pulled him inside, and handcuffed him. The officer searched him for weapons and contraband but found none. Officers then searched the van and found cocaine. The Petitioner testified

that he had not given consent to search the van and the officers did not have a warrant.

The Petitioner informed his attorney of these facts and stated that he was not guilty of the drug offense. He maintained that the drugs belonged to someone else. He admitted that he had committed the burglaries, and he even cooperated with police officers on those cases. He never made any such admissions with regard to the drug offense though. In fact, he testified that he wanted to proceed to trial on that charge because he was innocent.

On cross-examination, the Petitioner admitted that he had been through a plea process before and was actually on parole at the time of the burglaries and drug offense. He stated that his attorney talked with him about the possible range of his sentence and informed him that he probably faced a greater sentence if he proceeded to trial. He testified further that he signed the guilty plea form freely and voluntarily and that he did not dispute the facts supporting the offenses as they were read by the assistant district attorney at the guilty plea proceeding.

The Petitioner's attorney at the guilty plea proceeding, Larry Hoover, also testified at the post-conviction hearing. Hoover stated that he was licensed in 1992 and that his practice was thirty to forty-five percent (30%-45%) criminal law. He had handled approximately forty to sixty criminal cases, including seven or eight jury trials. Hoover recalled that he met with the Petitioner four times. He discussed the cases with the Petitioner and came to conclusion that he had no viable defenses. According to Hoover, he and the Petitioner came to a mutual

understanding that the resolution of his cases was more about the time to be served rather than defenses. Given that the Petitioner had nine prior felony convictions, Hoover's main concern became a potentially large effective sentence. Hoover stated that the State's initial plea offer was forty-five years at sixty percent (60%). He negotiated with the assistant district attorney and received an offer of thirty-five years at forty-five percent (45%). He explained the offer to the Petitioner, and the Petitioner understood that his effective sentence was thirty-five years.

On cross-examination, Hoover stated that the number of sentences at issue could have been confusing to the Petitioner. In fact, Hoover himself was unsure prior to the post-conviction hearing about which sentences were supposed to run concurrently and which were to run consecutively. Upon reviewing the plea agreement, however, it was clear to him that the drug sentence was to run consecutive to the burglary sentences. He testified further that it was his normal practice to go over plea agreements very carefully with defendants.

Upon additional questioning, Hoover admitted that he was unaware of what had occurred at the preliminary hearing concerning the drug offense. He stated that he had not requested formal discovery with regard to the drug offense. He also did not interview any of the police officers involved in the search of the van, nor did he interview any of the other individuals who were in the van at the time of the search. Hoover stated that his main focus was on the burglary offenses and, more specifically, the potential sentence associated with those offenses.

Hoover did, however, acquire a copy of the lab report indicating that the substance found in the van was cocaine.

At the conclusion of the hearing, the trial court found Hoover's testimony to be credible and found that the plea had been fully explained to the Petitioner. As a result, the trial court concluded that the Petitioner was aware that he would serve an effective sentence of thirty-five years under the plea agreement. Accordingly, the trial court denied the petition, stating that Hoover had provided effective assistance of counsel. The Petitioner then appealed to this Court.

In determining whether or not counsel provided effective assistance at trial, the court must decide whether or not counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy this second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time it was made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

We note that under the provisions of the Post-Conviction Procedure Act of 1995, a petitioner bears the burden of proving the allegations in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). In addition, the factual findings of the trial court are conclusive on appeal unless the evidence in the record preponderates against them. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

With regard to the Petitioner's contention that his trial counsel erroneously informed him that the twenty-year drug sentence would run concurrent with his fifteen-year burglary sentences, we believe that the Petitioner has failed to establish that his counsel's representation was constitutionally deficient. The Petitioner testified at the post-conviction hearing that his trial counsel, Larry Hoover, led him to believe that his drug sentence would run concurrent with his burglary sentences. Hoover, on the other hand, testified that it was his practice

-8-

to review the terms of plea agreements carefully with defendants and that the Petitioner was fully aware that his effective sentence was thirty-five years. After hearing testimony and evaluating the credibility of the witnesses, the trial judge specifically found Hoover's testimony to be persuasive. From our review of the record, we cannot conclude that the evidence preponderates against the finding of the trial court. Accordingly, we conclude that counsel Hoover's representation with regard to the Petitioner's sentence was within the range of competence demanded of attorneys in criminal cases.

The Petitioner also contends that Hoover rendered ineffective assistance by failing to investigate the circumstances surrounding the drug offense. The testimony at the post-conviction hearing reveals that Hoover was unaware of any facts pertaining to the drug offense which were developed at the preliminary hearing. Hoover did not request formal discovery with regard to the drug offense, did not interview the police officers involved in the search of the van, and did not interview any of the other individuals allegedly present at the time of the discovery of the cocaine. It appears that Hoover's investigation of the drug offense was limited to examining the lab report analyzing the drugs found in the van. According to Hoover himself, his primary focus was on the Petitioner's burglary offenses.

It is well-established that defense counsel must conduct an appropriate investigation into both the facts and the law to determine what matters of defense can be developed. See, e.g., Baxter v. Rose, 523 S.W.2d at 936; McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, our supreme court recognized in Baxter that the American Bar Association Standards for

Criminal Justice provide useful guidance with regard to the function and responsibilities of defense counsel. The American Bar Association standards explain defense counsel's duty to investigate with the following language:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty.

ABA Standards for Criminal Justice § 4-4.1 (2d ed. Supp. 1986). Applying the foregoing principles to the case sub judice, we believe that counsel Hoover's representation was arguably deficient in that he failed to investigate the drug offense adequately.

Even if we were to find counsel Hoover's representation deficient, however, we do not believe that the Petitioner has demonstrated sufficient prejudice to satisfy the second prong of the Strickland standard. It appears that the Petitioner argues that he was prejudiced because a proper investigation of the facts surrounding the drug offense may have indicated the evidence was unconstitutionally obtained and could have been suppressed. We note that the prejudice analysis applicable to this type of alleged error of counsel closely resembles the prejudice analysis applicable to jury convictions. See Hill v. Lockhart, 474 U.S. at 59, 106 S.Ct. at 370. As the United States Supreme Court explained in Hill v. Lockhart, whether such an error prejudiced the defendant by causing him to plead guilty often depends on the likelihood that a correction of the error would have led counsel to change the recommendation to plead guilty. Id. This assessment, in turn, depends on a prediction of whether the evidence

discovered through a full investigation would have changed the outcome of a trial. Id.

The Petitioner suggests that a more thorough investigation of the circumstances of the drug offense might have led to suppression of the cocaine seized from the van he was driving. At the post-conviction hearing, however, the Petitioner offered no evidence to support this speculation. Neither the police officers involved in the search nor the other individuals in the van were called to testify. Instead, the only evidence offered to support this contention came from the Petitioner himself, whose testimony the trial judge found to be unpersuasive. Given these circumstances, we cannot speculate that a more thorough investigation of the drug offense would have revealed that the cocaine was unconstitutionally seized and, therefore, would have led counsel Hoover to change his recommendation to plead guilty. See Wade v. State, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995); Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). As a result, we conclude that the Petitioner has not carried his burden of establishing sufficient prejudice stemming from his counsel's allegedly deficient representation.

For the reasons set forth in the discussion above, we conclude that the Petitioner has failed to demonstrate that the trial court erred in denying the petition for post-conviction relief. We therefore affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE


CONCUR:



_____
JERRY L. SMITH, JUDGE



_____
JOE G. RILEY, JUDGE