**John Phillip WADE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 3, 1995.

Permission to Appeal Denied by Supreme Court Nov. 6, 1995.

Lance E. Webb, Mark W. Fowler, James David Kendall, Union City, for appellant.

Charles W. Burson, Attorney General and Reporter, Rebecca L. Gundt, Assistant Attorney General, Criminal Justice Division, Nashville, Thomas A. Thomas, District Attorney General, James T. Cannon, Asst. Dist. Attorney General, Union City, for appellee.

## OPINION

SUMMERS, Judge.

The appellant, John Phillip Wade, was indicted for the aggravated rape and aggravated sexual battery of his stepdaughter. At the time of the offense, the victim was less than thirteen (13) years of age. Pursuant to a negotiated plea agreement, the state dropped the aggravated rape charge and recommended that the appellant receive the minimum penalty for aggravated sexual battery. Appellant pled guilty to aggravated sexual battery and received an eight (8) year sentence.

Appellant filed two separate petitions for post-conviction relief which were denied. In this consolidated appeal, the appellant presents two issues for our review: whether he was denied effective assistance of counsel at trial, and whether the trial court abused its discretion by denying the appellant's oral motion to amend his petition. Having thoroughly considered both issues, we find them to be without merit.

## FACTS

The charge of aggravated sexual battery arose from an incident involving the appellant, the victim, and the victim's younger cousin. At the appellant's preliminary hearing, the victim testified that the appellant coerced her and her cousin, both of whom were less than thirteen (13) years of age, into a game of "strip poker." The appellant removed his clothing and told the victim and her cousin to remove their clothing as well. The girls stripped to their underwear and the appellant ran around the house naked touching the victim with his penis as he did so.

The charge of aggravated rape arose from a separate incident in which the appellant allegedly ordered the victim to lie on the bed and remove her pants. When she refused to comply, he pushed her onto the bed, pulled her shorts down to her ankles, and forcibly penetrated her with a vibrator.

The victim did not reveal the appellant's misconduct for some time after the abuse occurred. She indicated that she was prompted to come forward by a comment made by the appellant which caused her to fear that the appellant would resume his inappropriate behavior. The victim was alone with the appellant in an automobile and the appellant asked her if she had more pubic hairs than her mother. The victim told her aunt what the appellant had said. The victim and her aunt then told the victim's mother. When confronted by the victim's mother, the appellant admitted that he had made the statement in question. The appellant later stated that he made the comment to indicate his disapproval of a relationship that the victim was having with a boyfriend at the time.

## ISSUES

The appellant specifically alleges that counsel was ineffective by failing to properly investigate his case, by overstating the risk

of conviction at trial, and by failing to inform him that he would have to complete a sex offender treatment program and be certified in order to be eligible for parole.

The appropriate test for determining whether counsel provided effective assistance at trial is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there is a two-prong test which places the burden on the appellant to show that (1) the representation was deficient, requiring a showing that counsel made errors so serious that she or he was not functioning as "counsel" as guaranteed a defendant by the Sixth Amendment, and (2) the deficient representation prejudiced the defense to the point of depriving the appellant of a fair trial with a reliable result. To succeed on his claim, the appellant must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome that, but for the counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. In the context of a guilty plea, the "prejudice" prong requires that a defendant show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). We will consider each of the appellant's allegations in turn.

Appellant first contends that counsel failed to properly investigate his case because counsel failed to obtain statements given by the victim to the Department of Human Services. Ordinarily, the appellant would not be entitled to these statements until after the victim had testified at trial. Tenn.R.Crim.P. Rule 26.2 (1994). The appellant maintains, however, that the statements contained inconsistencies which could have been used to impeach the victim at trial. If that were the case, the statements would be available as exculpatory material as discussed by this Court in *State v. Marshall*, 845 S.W.2d 228 (Tenn.Crim.App.1992).

In *Marshall*, this Court considered the duty of the prosecution to turn over exculpatory evidence to the accused. The United States Supreme Court held in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that due process requires that the prosecution must, upon request, provide the accused with any exculpatory evidence relating either to the accused's guilt or innocence or the possible sentence to be imposed. *Marshall* identified three prerequisites before the prosecution is required to provide exculpatory evidence:

> First, the evidence must be material. Second, the evidence must be favorable to the accused, his defense, or the sentence that will be imposed if found guilty. Third, the accused must make a proper request for the production of the evidence unless the evidence, when viewed by the prosecution, is obviously exculpatory in nature and will be helpful to the accused. *Marshall*, 845 S.W.2d at 232 (citations omitted).

The information withheld in *Marshall* consisted of a list of witnesses who could have possibly exonerated the defendant and statements made by those witnesses which both corroborated the defendant's alibi and identified a possible alternative perpetrator. *Marshall*, 845 S.W.2d 228. Finding a clear violation of *Brady*, this Court reversed Marshall's conviction. *Id.*

The appellant contends that the statements made by the victim in the instant case were analogous to the witness statements given in *Marshall* and that competent counsel would have secured access to the statements prior to trial. On post-conviction, however, the trial court found that any inconsistencies in the victim's statement were not material. The victim's statements would therefore not have been available to the appellant prior to trial, and counsel could not have been ineffective for failing to gain access to the statements.

In post-conviction proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence. *McBee v. State*, 655 S.W.2d 191, 195 (Tenn.Crim.App.1983). Furthermore, the findings of the trial court in post-

conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment. *State v. Buford,* 666 S.W.2d 473, 475 (Tenn.Crim.App.1983); *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Crim.App. 1978). Having reviewed the victim's statements and the alleged "inconsistencies" therein, we agree with the finding of the trial court that the statements were not "exculpatory evidence" under *Marshall.* Appellant's counsel was not ineffective for failing to discover the statements.

Appellant also alleges that counsel's investigation was deficient because he failed to interview known witnesses. Two of these witnesses, Steven Tittle and S.V.C.,[1] did not testify at the post-conviction hearing. We cannot now speculate as to what, if any, information they would have given to the appellant's counsel or whether that information would have been helpful to the appellant. The appellant has therefore failed to meet his burden of proof on this issue. *See Black v. State,* 794 S.W.2d 752 (Tenn.Crim.App. 1990).

With regard to potential witness S.V.C., the appellant maintains that he was denied the opportunity to present her testimony at the post-conviction hearing because the trial court refused to order the taking of her deposition prior to the hearing. While the taking of testimony by deposition is authorized in post-conviction proceedings, T.C.A. § 40–30–117 (1990), the taking of a deposition must be warranted by exceptional circumstances. Tenn.R.Crim.P., Rule 15. Having reviewed the appellant's motion to take S.V.C.'s deposition, we find no reference to any exceptional circumstances. This issue is therefore without merit.

Two other potential witnesses were presented at the post-conviction hearing but the trial court disallowed their testimony. The appellant offered the testimony of Ruth Carlisle, a former employee of the Department of Human Services, to show that the appellant's trial counsel had not contacted her during his investigation. Since the appellant's trial counsel had already testified

that he attempted to contact Ruth Carlisle, but was unsuccessful, the trial court properly excluded Carlisle's testimony as cumulative. *See* T.R.E. 403.

The appellant also offered the testimony of Dale Doyle, a current employee of the Department of Human Services, to show that the statements of the victim in the possession of the Department of Human Services contained inconsistencies. Since the trial court had already ruled that the "minor inconsistencies" in the victim's statement were not exculpatory and therefore would not have been available to the appellant's trial counsel prior to trial, the trial court excluded Doyle's testimony. We agree with the trial court's decision regarding the availability of the victim's statements, and we also agree with his exclusion of the testimony of Dale Doyle.

The final witness that the appellant's trial counsel allegedly failed to interview testified that he was in fact interviewed by an investigator from the public defender's office. This issue is without merit.

Appellant further maintains that, in conjunction with his failure to properly investigate the case, counsel overstated both the risk of conviction at trial and the sentence that the appellant could receive if convicted. These overstatements rose to the point that appellant's guilty plea was rendered involuntary.

Appellant's contention that his trial counsel overstated the risk of conviction at trial is based on statements made by trial counsel in a letter to the appellant. The letter in question deals primarily with the testimony of T.R.,[2] an eyewitness to the aggravated sexual battery. The letter states:

> You did not keep your appointment that we had set for you. Please remember that this is a very serious matter and that you are facing serious penitentiary time if you do not cooperate in your defense.

> We have spoken extensively with the little girl, T.R., and we can detect no reason for

---

1. We see no need in using the witness' name because of her age.

2. *See* n. 1.

her to lie about the incident. If you have any idea why she might be motivated to lie about this event, you should let us know immediately. If you can think of no reason why she is either mistaken or lying, and if we cannot show a good reason for her to lie to the jury, you will be found guilty by the jury. You can bet on it.

The District Attorney has offered to dismiss the aggravated rape and allow you to plead to the minimum on the aggravated sexual battery. Aggravated sexual battery is a Class B felony which carries a minimum of eight years. If they take you to trial on both the aggravated rape and the aggravated sexual battery, the jury will at least find you guilty of the aggravated sexual battery and might possibly find you guilty of the aggravated rape.

I would hate for you to serve any more time than you actually have to serve, but given the fact of T.R.'s testimony, you can rest assured that you will be found guilty by the jury and will be sentenced to a minimum of eight years by the Judge. You need to plead guilty in order to avoid a minimum of fifteen years on the aggravated rape.

While the trial court found that the appellant's trial counsel did actually overstate the risk of conviction at trial, the trial court also noted that the statements in question represented only a fraction of the advice given to the appellant by counsel. Trial counsel testified, for example, that he told the appellant that a jury trial was always unpredictable. The trial court concluded that although counsel's advice overstated the risk of conviction if the case should proceed to trial, that advice was nevertheless within the range of competence demanded of attorneys in criminal cases.

We parenthetically note the context in which trial counsel's statements were made. The victim of the offense and the only eyewitness were both articulate and willing to testify against the appellant. The appellant's wife, who was working at the time of both incidents, could establish that the appellant was at home with the victim and had opportunity to commit the offense on the dates in question. The appellant was unable to produce any evidence which would discredit the damaging testimony of the victim and eyewitness, and furthermore the appellant had admitted to making an inappropriate remark to the victim which would doubtless influence the jury. Finally, the appellant was apparently not showing appropriate concern for his own defense, since he had missed an important meeting with his own counsel. Perhaps counsel's desire to impress upon his client the seriousness of the charges he was faced with, led counsel to be overzealous in recommending the prosecution's plea offer. At any rate, we cannot find that the appellant has met his burden of proof on this issue.

The appellant's claim that counsel misrepresented the possible sentence that the appellant could receive if convicted at trial is simply not supported by the record. The appellant's trial counsel testified that he advised the appellant that the range of punishment for aggravated rape, a Class A felony, is fifteen (15) to sixty (60) years, and that the range of punishment for aggravated sexual battery, a Class B felony, is eight (8) to thirty (30) years. Trial counsel further testified that he informed the appellant that as a Range I offender, he could receive from fifteen (15) to twenty-five (25) years for aggravated rape and from eight (8) to twelve (12) years for aggravated sexual battery. The letter from counsel which the appellant has introduced into evidence clearly indicates that trial counsel advised the appellant of the minimum sentences for each offense. This issue is without merit.

█ The trial court also found, and we agree, that the appellant had not introduced sufficient evidence to establish that there was a reasonable probability that, absent counsel's advice, he would not have entered a plea of guilty. Appellant has therefore failed to satisfy the prejudice prong of the ineffective assistance of counsel analysis.

Finally, appellant argues that counsel's failure to inform him that he would have to complete a sex offender treatment program and be certified in order to be eligible for parole constituted ineffective assistance of counsel.

Tennessee Code Annotated Section 41–21–235 (1990) requires that sex offenders complete a sexual abuse treatment program as a prerequisite for parole. Tennessee Code Annotated Section 40–35–503(c) (1994) provides that no person convicted of a sex crime may be released on parole unless a psychiatrist or licensed psychologist has examined the inmate and certified that he or she is not likely to commit further sexual assaults.

■ This Court, in *Jones v. State*, No. 02C01–9204–CC–00099, 1992 WL 296751 (Tenn.Crim.App., Oct., 1992), held that where counsel fails to inform his client of these parole requirements, a post-conviction petitioner cannot show the necessary prejudice required by *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), to support a finding of ineffective assistance of counsel. We find, as we did in *Jones*, that these provisions would have applied to the appellant whether he had plead guilty or been convicted at trial. This issue is therefore without merit.

■ The appellant's remaining issue involves the trial court's denial of an oral motion to amend his first post-conviction petition to allege the state's violation of his right to disclosure of exculpatory evidence. According to Tennessee Code Annotated Section 40–30–115(a) (1990): "The court ... may freely allow amendments and shall require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief." *Id.* Here, the allegedly exculpatory evidence which was not disclosed consisted of statements made by the victim to the Department of Human Services. The trial court had already correctly found that the statements in question were not exculpatory. Since the motion came mid-hearing and this issue was fully developed in the context of ineffective assistance of counsel, there was no error in the trial court's refusal to allow the appellant to amend his petition.

## CONCLUSION

Having thoroughly considered the issues presented by the appellant for our review, we find them to be without merit. The judgment of the trial court is therefore:

**AFFIRMED.**

PEAY and WELLES, JJ., concur.