IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 20, 2001 Session

## STEPHAN LAJUAN BEASLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 222535     Douglas A Meyer, Judge**

---

**No. E2000-01336-CCA-R3-PC**
**April 17, 2001**

---

The petitioner was originally convicted by a Hamilton County jury of first degree murder and received a sentence of life imprisonment without the possibility of parole.  The conviction was affirmed on direct appeal.  The petitioner sought post-conviction relief, which was denied.  In this appeal, the petitioner contends (1) his trial counsel provided ineffective assistance of counsel, and (2) he was denied the right to testify at trial and at sentencing.  After a thorough review of the record, we conclude that the post-conviction court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Charles P. Dupree, Chattanooga, Tennessee, for the appellant, Stephan Lajuan Beasley.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William H. Cox III, District Attorney General; and Dean C. Ferraro, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted by a Hamilton County jury of premeditated first degree murder, and he received a sentence of life imprisonment without the possibility of parole.  The conviction was affirmed by this court on direct appeal.  *See* State v. Stephen Lajaun Beasley, C.C.A. No. 03C01-9509-CR-00268, 1996 WL 591203 (Tenn. Crim. App. filed October 10, 1996, at Knoxville), *perm. to app. denied* (Tenn. 1998).[1]  The petitioner's post-conviction relief petition was denied by the post-conviction court.  Petitioner now contends on appeal that his trial counsel provided

---

[1]We note that the petitioner's first and middle names are spelled differently in his direct appeal than they are in the present appeal.

ineffective assistance of counsel, and he was denied the right to testify at trial and at sentencing. We affirm the judgment of the trial court.

## FACTS

We glean the following underlying facts from this court's opinion in the direct appeal.

The petitioner and the victim were romantically involved and cohabited with each other until the victim moved out shortly before her death. At approximately 6:00 a.m. on October 19, 1993, the petitioner called his employment supervisor and informed him that he would be coming in late for work because he was involved in an altercation and needed to "take care of business." The victim and her seventeen-month-old child left her home at approximately 8:00 a.m. and went to the day care center where she worked.

The victim was later found dead in the day care center hallway. The victim had been shot three times in the head, and her throat was slashed. Additionally, the phone lines inside the day care center were cut, and there were signs of forcible entry on the back and middle doors. Several rings were missing from the victim's fingers.

The petitioner first denied any knowledge of the victim's murder and claimed that he was at work, but in a second interview admitted involvement in the shooting. The petitioner stated that he forcibly entered the day care center, saw the victim reach for her gun in her purse, struggled with her for the weapon, and as a result of the struggle, accidentally shot the victim twice. The petitioner stated that after the victim was shot, she voluntarily gave him the rings. The petitioner denied any knowledge of the slash inflicted on the victim's neck.

A firearms expert from the Tennessee Bureau of Investigation testified that the weapon used to kill the victim was a .22 cal. automatic. He further testified that it was defective, requiring the shooter to manually eject the shell casing and push the slide forward before another round could be fired.

## STANDARD OF REVIEW

### A. Post-Conviction Review

The trial judge's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those

drawn by the trial judge.  Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996).  Questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court and not by this court.  Burns, 6 S.W.3d at 461.

## B.  Ineffective Assistance of Counsel

The court reviews a claim of ineffective assistance of counsel according to the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial.  Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  The fact that a particular strategy or tactic failed  or hurt the defense does not, standing alone, establish unreasonable representation.  However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

## C.  A Criminal Defendant's Right to Testify

A criminal defendant has a constitutional right to testify under the state and federal constitutions.  Moman v. State, 18 S.W.3d 152, 157 (Tenn. 1999).  This right is fundamental, and a valid waiver of the defendant's right to testify may only be accomplished if it is personally waived by the defendant.  *Id.* at 161.  As a procedural safeguard, such waiver should be attained through a *voir dire* of the defendant in open court.  *Id.* at 162.  However, "neither the right to testify discussed herein, nor the procedural protections adopted to preserve that right are new constitutional rules which must be retroactively applied."  *Id.* at 162-63.
.

### ANALYSIS

## A.  Ineffective Assistance of Counsel

The petitioner argues that his trial counsel was ineffective because he failed to either move for a continuance upon discovery one week before trial of the forensic report regarding the weapon defect, or move for the appointment of a defense expert for an independent evaluation.  We respectfully disagree.

Firstly, we note that this case was originally tried in October 1994, and the state did not seek the death penalty. At that time there were no Tennessee statutes authorizing the appointment of experts for indigent defendants in non-capital cases. *See* Tenn. Code Ann. § 40-14-207(b) (Supp. 1994) (authorizing the appointment of experts in capital cases). The constitutional right to appointment of an expert under certain circumstances was not recognized until the Tennessee Supreme Court's opinion in State v. Barnett, 909 S.W.2d 423, 431 (Tenn. 1995). Given the state of the law in 1994, counsel was not deficient in failing to request the appointment of an expert.

Secondly, there was no showing at the post-conviction hearing as to what the proposed expert testimony would be. This court cannot speculate as to what the proffered expert's testimony may have been. Wade v. State, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995). Accordingly, the petitioner has failed to prove prejudice. *See* Strickland, 466 U.S. at 687; Goad, 938 S.W.2d at 369.

This issue is without merit.

## B. Petitioner's Right to Testify

The petitioner argues that he was deprived of his fundamental constitutional right to testify since trial counsel failed to *voir dire* him regarding his decision not to testify. Again, we disagree.

Trial counsel testified that it was petitioner's decision as to whether or not to testify; however, he advised petitioner that it would not be in his best interest to testify. It is undisputed that petitioner had prior criminal convictions for robbery and theft. Trial counsel further testified that he made a tactical decision and advised the defendant not to testify at the sentencing hearing. Based upon the record, we are unable to conclude that trial counsel unilaterally prevented the petitioner from testifying. *See* Momon, 18 S.W.3d at 161-62 (counsel may not unilaterally prevent a defendant from testifying). Further, we conclude that trial counsel was not ineffective in advising the petitioner that he should not testify at trial or at the sentencing hearing. We may not second-guess these tactical decisions. Goad, 938 S.W.2d at 369.

Nevertheless, petitioner asserts the failure of trial counsel to comply with the *voir dire* requirements of Momon necessitates the granting of post-conviction relief. The procedural requirements established in Momon are not retroactive. 18 S.W.3d at 162-63. Since Momon was filed on November 15, 1999, its procedural requirements are inapplicable to this case.

This issue is without merit.

## CONCLUSION

We conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel or that he was denied the right to testify. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE