**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1998**

FILED

July 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **FRANCES BLAYLOCK,** | ) | **C.C.A. NO. 03C01-9706-CR-00217** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **MCMINN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES C. WITT** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |


FOR THE APPELLANT:

LAURA RULE HENDRICKS
Eldridge, Irving & Hendricks
606 W. Main Street
Knoxville, TN 37901-0084

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JERRY N. ESTES
District Attorney General

STEVE HAWKINS
10th Judicial District
P. O. Box 647
Athens, TN 37303


OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Frances Blaylock appeals the trial court's denial of her petition for post-conviction relief. Appellant presents the following issue for our consideration on this appeal: whether the trial court erred in dismissing Appellant's petition for post-conviction relief.

After a review of the record, we reverse the judgment of the trial court and remand with directions to that court to consider Appellant's allegation of ineffective assistance of trial counsel.

## I. FACTUAL BACKGROUND

Appellant was convicted on January 18, 1987 by a jury in the McMinn County Criminal Court of conspiracy to commit first degree murder and first degree murder. She was sentenced to two concurrent life sentences with the Tennessee Department of Correction. This Court affirmed the convictions. State v. Frances Blaylock and Robert Christian Smith, C.C.A. No. 152, McMinn County (Tenn. Crim. App., Knoxville, September 30), perm. to appeal denied, (Tenn. 1988). On December 4, 1990, Appellant filed a petition for post-conviction relief. Counsel amended this petition on February 11, 1991. Following a hearing, the trial court dismissed the petition on February 11, 1991 on the ground that the allegations set forth in the petition had been previously litigated. Although Appellant's counsel agreed to draw up an order stating the trial court's dismissal and reasons therefor, no such order was entered. On November 8, 1996, the trial court appointed the Public Defender's Office to represent Appellant. On December 7, 1996, Appellant's new counsel filed an amendment to the December 4, 1990 petition, as amended on February 11, 1991. In a nunc pro

<u>tunc</u> order reflecting its earlier February 11, 1991 dismissal, the trial court dismissed the petition on January 28, 1997.[1]

## II. POST-CONVICTION RELIEF

Appellant contends that the trial court erred in denying her petition for post-conviction relief.

In post-conviction proceedings, the Appellant bears the burden of proving the allegations raised in the petition by a preponderance of the evidence.[2] <u>Tidwell v. State</u>, 922 S.W.2d 497, 500 (Tenn. 1996); <u>Wade v. State</u>, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. <u>Tidwell</u>, 922 S.W.2d at 500; <u>Campbell v. State</u>, 904 S.W.2d 594, 595-96 (Tenn. 1995); <u>Cooper v. State</u>, 849 S.W.2d 744, 746 (Tenn. 1993).

Appellant filed her first petition for post-conviction relief on December 4, 1990. This petition was filed by Attorney Ashley L. Ownby--an associate of Appellant's trial counsel, Mr. Conrad Finnel. In this petition, Appellant conceded that "All questions raised in this petition have been raised unsuccessfully in state courts." <u>See State v. Frances Blaylock and Robert Christian Smith</u>, C.C.A. No. 152, McMinn County (Tenn. Crim. App., Knoxville, September 30), <u>perm. to appeal denied</u>, (Tenn. 1988). Mr. Finnel amended the December 4 petition on February 11, 1991. On that same day, the trial court dismissed the petition but never entered an order reflecting this dismissal.

---

[1] Between the petition at issue in the present appeal and the <u>nunc pro tunc</u> order, Appellant filed a second <u>pro se</u> petition for post-conviction relief on September 30, 1992. On December 1, 1992, the trial court dismissed this second petition without appointing counsel or holding an evidentiary hearing. Because this petition is not the subject of the case <u>sub judice</u>, it is unnecessary to discuss it further.

[2] For post-conviction claims filed after May 10, 1995, the petitioner must prove his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). <u>See also Scott v. State</u>, 936 S.W.2d 271, 272 (Tenn. Crim. App. 1996).

Tenn. Code Ann. § 40-30-118(b) (1995 Repl.), which was in effect when Appellant's first petition was filed,[3] provided, "Upon the final disposition of every petition, the court shall enter a final order, and. . . shall set forth in the order or a written memorandum of the case all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground." Tenn. Code Ann. § 40-30-118(b).

On November 8, 1996, the trial court appointed the Public Defender's Office to represent Appellant in filing a petition for post-conviction relief alleging ineffective assistance of trial counsel. An attorney with the Public Defender's Office filed the petition on December 7, 1996. In this petition, Appellant incorporated by reference the earlier petition of December 4, 1990, as amended on February 11, 1991. Additionally, this petition alleged that Attorney Conrad Finnel rendered inadequate representation by failing to comply with a trial court order requiring that the prosecution be furnished with the identity of any expert witnesses who had examined Appellant respecting claims of insanity.[4] By not complying with this order, the petition alleges that Mr. Finnel deprived Appellant of the opportunity to present expert testimony that she suffered from battered woman syndrome at the time of the offense, and therefore was not fully criminally responsible for the homicide. The trial court held no evidentiary hearing to consider Appellant's ineffective assistance of counsel claim. On January 28, 1997, the trial court issued an order nunc pro tunc reflecting its February 11, 1991 dismissal of Appellant's petition for post-conviction relief.

---

[3] Tenn. Code Ann. §§ 40-30-101 through 40-30-124 were repealed. The General Assembly enacted the Post-conviction Procedure Act of 1995, codified at Tenn. Code Ann. § 40-30-201, et seq.

[4] The State does not dispute Attorney Finnel's failure to comply with the trial court's order.

The January 28, 1997 order does not set forth Appellant's allegations and does not state the trial court's findings of fact and conclusions of law. Additionally, Appellant's ineffective assistance claim has never before been raised in any prior post-conviction petition. We find that Appellant's ineffective assistance of counsel claim has never been given a fair hearing and consideration. We, therefore, remand to the McMinn County Criminal Court and direct it to properly dispose of Appellant's allegation of inadequate representation.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE