IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID FLOYD, | ) | NO. 02C01-9604-CC-00123 |
| | ) | |
| Appellant | ) | DYER COUNTY |
| | ) | |
| V. | ) | HON. JOE G. RILEY, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

FOR THE APPELLANT                          FOR THE APPELLEE

William K. Randolph                         John Knox Walkup
P.O. Bo 611                                 Attorney General and Reporter
Dyersburg, Tennessee 38025-0611            450 James Robertson Parkway
                                            Nashville, Tennessee 37243-0493

                                            Janis L. Turner
                                            Assistant Attorney General
                                            450 James Robertson Parkway
                                            Nashville, Tennessee 37243-0493

                                            C. Phillip Bivens
                                            District Attorney General
                                            P.O. Box E
                                            Dyersburg, Tennessee 38025

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

The appellant, David Floyd, appeals as of right the judgment of the Dyer County Circuit Court dismissing his petition for post-conviction relief. He argues on appeal that he was unconstitutionally denied his right to effective assistance of counsel because of his trial counsel's failure to interview potential defense witnesses, failure to peremptorily challenge a juror, and failure to provide the appellant with a copy of the trial transcript for appellate purposes. We have reviewed the record upon appeal and, finding no reversible error, affirm the trial court's dismissal of the petition.

On May 4, 1993, the appellant was found guilty by a jury of his peers of theft of property over the value of one thousand dollars ($1,000), a Class D felony. He was sentenced to a term of seven years and six months incarceration as a Range II multiple offender. His sentence was ordered to be served consecutively to prior unrelated sentences. The appellant thereafter appealed his conviction to this Court. A panel of this Court affirmed the trial court. State v. David Floyd, C.C.A. No. 02C01-9311-CC-00265 (Tenn. Crim. App., Jackson, May 4, 1994). No application for permission to appeal was filed in the supreme court. However, on September 5, 1995, the appellant filed his petition for post-conviction relief. After the appointment of counsel, the trial court conducted an evidentiary hearing and, by order entered November 22, 1995, dismissed the petition.

In reviewing an appellant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney were within the range of competency demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668,

687-88, 692, 694, 104 S. Ct. 2053, 2064, 2067-68, 80 L. Ed. 674 (1984); Best v. State, 708 S.W.2d 421, 422, (Tenn. Crim. App. 1985).

The appellant first argues that his attorney was ineffective because he failed to exclude a potential juror who was a prison guard at the penitentiary where the appellant was incarcerated. The evidence presented at the post-conviction hearing revealed that the appellant's trial counsel had planned to exclude the prison guard, using his last remaining peremptory challenge. After consulting with the appellant, however, the appellant's trial counsel allowed the prison guard to remain on the jury. Although appellant's trial counsel had no specific memory of his conversation with the appellant regarding the prison guard as a juror, he testified that he would have excused the guard if his client had wanted him excused. The trial court correctly held that tactical decisions, such as this one, are not subject to post-conviction challenges. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The appellant next argues that his trial counsel was ineffective in that he failed to adequately prepare for trial by not interviewing all potential defense witnesses. The appellant testified that he furnished his counsel with the names of four potential defense witnesses but none of them were called to testify on his behalf at trial. Appellant's counsel interviewed all potential witnesses and the witnesses who were not called to testify provided testimony that was either irrelevant or damaging to the appellant's case. In fact, one of the witnesses testified for the State. Moreover, even were we to assume arguendo that appellant's counsel failed to interview all potential witnesses, the appellant did not introduce those witnesses' testimony at the post-conviction hearing. Without that testimony in the record, we cannot determine whether the appellant was prejudiced by their failure to testify at trial. See Wade v. State, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995); Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

3

Finally, the appellant argues that his attorney was ineffective for failing to send him the trial transcript so that the appellant could prepare his *pro se* application for permission to appeal to the Tennessee Supreme Court. For the same reason, the appellant also requests a delayed appeal. After the appellant's counsel was permitted by this Court to withdraw from further representation, he sent a package to the appellant which included the brief filed in this Court setting forth the relevant facts and issues raised on direct appeal. Additionally, counsel furnished the appellant with a form motion for the appellant to file in the supreme court, if he chose, seeking an extension of time within which to file his application. Appellant, however, did not file the motion. The appellant's counsel did not send the appellant a copy of the trial transcript.

Even though the appellant's counsel may have erred by not sending the transcript, the appellant has failed to show that he was prejudiced. The brief forwarded to the appellant contained all the necessary facts and legal issues that the appellant needed in order to file a petition seeking permission to appeal to the Tennessee Supreme Court. See Tenn. R. App. P. 11(b). Moreover, since the appellant never filed the motion requesting an extension of time to file his petition for permission to appeal, the appellant has failed to show that he was prejudiced. For the same reason, we are not inclined to permit the appellant to proceed under T.R.A.P. 11 by withdrawing our previously entered opinion of May 4, 1994, and re-entering it as of the date of this opinion.

Accordingly, the denial of the appellant's post-conviction petition is affirmed.

4

 

 

 

 

                                 _____
                                 WILLIAM M. BARKER, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
DAVID G. HAYES, JUDGE