# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 25, 2011

## TERRY D. SNEED v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**Nos. C4285 and C4304      R. Jerry Beck, Judge (by designation)**

**No. E2010-00323-CCA-R3-PC - Filed March 14, 2011**

The petitioner, Terry D. Sneed, aggrieved of his convictions of aggravated robbery, aggravated kidnapping, aggravated rape, and two counts of aiding and abetting aggravated rape for which he received sentences totaling 124 years' incarceration, filed a timely pro se petition for post-conviction relief. Following multiple appointments of counsel, amendments to the petition, and other procedural matters spanning over nine years, the post-conviction court denied relief after a full evidentiary hearing. On appeal, the petitioner contends that the post-conviction court erred by (1) denying his motion to sever his post-conviction hearing from that of his co-defendant, (2) denying his motion to continue the evidentiary hearing based upon the unavailability of two witnesses, and (3) denying relief for his claim of ineffective assistance of counsel based upon the single allegation that trial counsel failed to introduce evidence of a Federal Bureau of Investigation (FBI) laboratory report at trial. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J, delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Ilya I. Berenshteyn, Bristol, Tennessee, for the appellant, Terry D. Sneed.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner and his co-defendant, Billy Joe Smith, were convicted in separate trials of the 1992 robbery of a Carter County market during which the men abducted

the female store clerk and took her to a family cemetery in Unicoi County, where the men raped the victim three times. After being held captive for approximately seven hours, the victim eventually escaped when the men stopped at a local motel to inquire about renting a room. At trial, the motel night clerk identified the petitioner as one of the men at the motel that night; the victim "stated unequivocally that the [petitioner] was the same man who abducted and raped her." *State v. Terry Dean Sneed*, No. 03C01-9702-CR-00076, slip op. at 6 (Tenn. Crim. App., Knoxville, Nov. 5, 1998) (affirming the petitioner's convictions and sentence on direct appeal), *perm. app. denied* (Tenn. Apr. 5, 1999).

On March 15, 2000, the petitioner filed a timely pro se petition for post-conviction relief. Subsequently, the petitioner, although represented by six different attorneys, filed prolific pro se pleadings concerning the post-conviction action. Additionally, he filed lawsuits against virtually every person involved in the trial of his case, including attorneys, judges, grand jurors, petit jurors, law enforcement personnel, and other court personnel. Numerous appeals to this court proved equally futile, generally because the petitioner filed appeals of particular rulings in the absence of any final judgment from the post-conviction court. The post-conviction court noted that the case was "fraught with delay," and we note that much of the almost 10-year delay in bringing this post-conviction action to a hearing can be attributed to the petitioner.

Ultimately, the post-conviction court held an evidentiary hearing on November 23 and 25, 2009. Following the presentation of proof and arguments of counsel, the post-conviction court denied relief. The petitioner timely appealed the post-conviction court's action. On appeal, he contends that he was entitled to a severance of his post-conviction evidentiary hearing from that of his separately-tried co-defendant, that the post-conviction court erroneously denied a continuance of the evidentiary hearing, and that the post-conviction court erroneously found that trial counsel was not deficient by failing to present an FBI laboratory report at trial. The State argues that the petitioner was not entitled to a severance or a continuance and that the post-conviction court's denial of relief should be affirmed.

The 57-page pro se petition filed on March 15, 2000, is a rambling and conclusory list of claims attacking the petitioner's convictions. At the evidentiary hearing, the petitioner relied upon the allegations contained in the amended post-conviction petition filed by his fifth attorney on July 5, 2006, and the allegations contained in the "supplemental" post-conviction petition filed by his sixth attorney on October 19, 2009. Many of the allegations attacked the legality of the grand jury and petit jury, the sufficiency of the indictments, and the actions of the trial court in consolidating the cases for trial in Unicoi

County.[1]  Because the petitioner claims no issue on appeal relative to the post-conviction court's denial of relief on these bases, we will limit our discussion of the evidence presented at the evidentiary hearing to only the evidence pertinent to this appeal.

Lisa Nidiffer Rice testified that she prosecuted the case at trial.  She acknowledged that the FBI lab report showed that there was no serology evidence linking the petitioner to the crimes.  She recalled, however, that the victim had a very good recollection of the events of the offenses and "was extremely effective as a witness."  According to Ms. Rice, the victim identified the petitioner and his co-defendant as her abductors and attackers "without equivocation."  Ms. Rice also recalled that the petitioner's trial attorneys did "an excellent job" but that the case was an "extremely strong" case for the State.

Trial counsel testified that there was no serology evidence linking the petitioner to the crimes.  He recalled that although the FBI expert was present for the trial, counsel chose not to call the expert as a witness because other "damaging" evidence may have come in through his testimony.

The petitioner testified that he wanted the FBI report admitted at trial, that trial counsel failed to introduce the report, and that trial counsel failed to question the expert. Throughout his evidentiary hearing testimony, the petitioner claimed that his attorneys could have represented him better "as the law requires" and that "criminal conspiracy stuff [had been] committed against [him]."

*Severance of Evidentiary Hearing*

The petitioner contends that the trial court erred by ordering a joint evidentiary hearing with his separately tried co-defendant and denying his subsequent requests for severance.  The State argues that the petitioner was not entitled to a severance at the evidentiary hearing.

Both the petitioner's and his co-defendant's post-conviction cases remained pending in the court for several years.  The post-conviction court, upon being designated to hear the cases, noted that the petitioner and his co-defendant generally "raised identical issues" in their petitions. Accordingly, the post-conviction court joined the cases for hearing in an effort to expedite their completion.  Although unorthodox, no rule or statute of post-conviction procedure precludes such a procedure.  Furthermore, the petitioner has failed to

---

[1]The petitioner was indicted in Carter County for the aggravated robbery and aggravated kidnapping offenses.  He was indicted in Unicoi County, however, for the rape offenses.  The trial court consolidated the cases for trial in Unicoi County by agreement of the parties.

show that he was prejudiced by this procedure, other than his general allegation that "[i]t is unquestionable that [he] would have received more attention from the judge if his Motion for Severance was granted." We discern no prejudice from the record before us. Accordingly, we conclude that the trial court did not abuse its discretion by joining the cases for hearing.

*Denial of Continuance*

The petitioner argues that the trial court should have granted his request for a continuance due to the unavailability of two witnesses, Lillian and Gary Ambrose. The State argues that the trial court correctly denied the motion for continuance because the witnesses could not be located, a fact known for several months leading up to the hearing, and there was no showing of "manifest necessity" as required by Rule 28, §8(B) of the Rules of the Tennessee Supreme Court.

"[T]he granting or denying of a continuance is a matter which addresses itself to the sound discretion of the trial judge." *Moorehead v. State*, 409 S.W.2d 357, 358 (Tenn. 1966) (citing *Bass v. State*, 231 S.W.2d 707, 710-11 (Tenn. 1950)). An abuse of discretion is demonstrated by showing that the failure to grant a continuance denied the defendant a fair hearing or that it could be reasonably concluded that a different result would have followed had the continuance been granted. *State v. Hines*, 919 S.W.2d 573, 579 (Tenn. 1995) (citing *State v. Wooden*, 658 S.W.2d 553, 558 (Tenn. Crim. App. 1983)). "The burden rests upon the party seeking the continuance to show how the court's action was prejudicial. The only test is whether the defendant has been deprived of his rights and an injustice done." *State v. Goodman*, 643 S.W.2d 375, 378 (Tenn. Crim. App. 1982) (citing *Baxter v. State*, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973)). Tennessee Supreme Court Rule 28, §8(B) provides that an evidentiary hearing "shall not be continued except by order of the court finding that unforeseeable circumstances render a continuance a manifest necessity."

On the first day of the evidentiary hearing, the petitioner requested that the clerk's office reissue any unserved subpoenas in a final attempt to locate several witnesses who had been "unservable" in the months preceding the evidentiary hearing. One such witness, Lillian Ambrose, was allegedly a victim of a burglary for which the petitioner had been charged but never convicted. The petitioner alleged that another unfound witness, Gary Ambrose, was Mr. Ambrose's son and that he served on the jury. The trial court delayed completion of the evidentiary hearing for an additional day in an effort to locate the witnesses. Nevertheless, they could not be located. The petitioner knew that the witnesses had been "unservable" as evidenced by the three failed attempts at locating them. The post-conviction action had been pending more than nine years at the time it came to hearing. Under these circumstances, we conclude that the trial court did not abuse its discretion by

denying further continuances.

*Ineffective Assistance of Counsel*

The petitioner contends that the trial court erred by denying his petition for post-conviction relief based upon the alleged deficient performance of trial counsel for failing to present evidence and testimony concerning the lack of serology evidence linking him to the crimes. The State argues that the trial court correctly denied relief because the evidence at trial showed the lack of serology evidence and the petitioner failed to prove his allegation by clear and convincing evidence.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668 , 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id*. at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

Regarding the FBI laboratory report, the post-conviction court found that the report indicated that samples from the petitioner were "unusable for DNA analysis," thus leaving "the jury in a position to speculate." The post-conviction court also found that trial counsel made a strategic decision not to call the laboratory expert. The court then concluded that the failure to call the expert was "harmless beyond a reasonable doubt" due to the "overwhelming" evidence of the petitioner's guilt of the offenses. In summary, the post-conviction court found that the petitioner failed to present clear and convincing proof to establish his claim relative to counsel's failure to present either evidence or testimony concerning the lab report.

The evidence supports the post-conviction court's conclusions. The FBI laboratory report contains no information linking the petitioner to the crime. This lack of evidence, however, was presented at trial through other witnesses. *Terry Dean Sneed*, slip op. at 6 (noting that "the police were unable to link the [d]efendant with the crime through DNA evidence"). Furthermore, the petitioner failed to present the testimony of any FBI laboratory expert who may have elaborated on this lack of evidence in order to establish his claim of deficient performance. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). If he fails to do so, he generally fails to establish ineffective assistance of counsel. *Id.* The post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial. *Id.*; *see also Wade v. State*, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995). Therefore, we agree with the post-conviction court that the petitioner failed to establish entitlement to post-conviction relief.

Accordingly, the order of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE