# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER SESSION, 1996

| | | |
|---|---|---|
| KETO BROWN, | ) | C.C.A. NO. 02C01-9601-CR-00021 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CHRIS CRAFT |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction Relief) |

FOR THE APPELLANT:

DANE BLUE
147 Jefferson Avenue
Memphis, TN  38103

W. MARK WARD
Assistant Public Defender
147 Jefferson Suite 900
Memphis, TN  38103

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

SARAH M. BRANCH
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

WILLIAM L. GIBBONS
District Attorney General

JAMES M. LAMMEY
Assistant District Attorney
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

Appellant Keto Brown pled guilty in the Shelby County Criminal Court to two counts of attempted second degree murder. As a Range I standard offender, he received an eight year sentence for each offense. The trial court ordered the sentences served concurrently, for an effective sentence of eight years in the Tennessee Department of Correction. In this appeal of the denial of a petition for post-conviction relief, Appellant presents the following issue: whether he received effective assistance of counsel.

After a review of the record, we affirm the judgment of the trial court.

## **I. FACTUAL BACKGROUND**

On November 8, 1992, Appellant fired six shots at Marshall Williams. He missed his intended target but seriously injured a second person, Brian Rawlings. Indicted on two counts of attempted first degree murder, Appellant pled guilty to two counts of attempted second degree murder and received an effective sentence of eight years.

On November 14, 1994, Appellant filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel during plea negotiations. The trial court denied the petition. Appellant appeals from this judgment.

## II. POST CONVICTION RELIEF

Appellant alleges that the trial court erred in finding that his attorney rendered effective assistance. In post-conviction proceedings, the petitioner has the burden of proving the claims raised by a preponderance of the evidence. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Wade v. State, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995). Findings of fact made by the trial court are conclusive on appeal unless the evidence preponderates against the judgment. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

When an appeal challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The reviewing court should not use hindsight to "second-guess trial strategy by counsel and criticize counsel's tactics." Cox v. State, 880 S.W.2d 713, 718 (Tenn. Crim. App. 1994). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

Appellant first argues that his attorney was deficient in failing to interview Leslie Crutcher, a witness to the shooting. Appellant's attorney testified that he made an unsuccessful attempt to contact Ms. Crutcher and also encouraged Appellant to bring her to his office so that she could make a statement. Without giving any reason, Appellant admitted that he did not arrange for Ms. Crutcher to visit his attorney's office. The performance of the accused is an appropriate consideration when evaluating the merits of an ineffective assistance of counsel claim. See State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). Moreover, Appellant fails to establish that Ms. Crutcher's testimony would have been beneficial or even material to his case. See Kilburn v. State, No. 02C01-9309-CC-00219, 1994 WL 697991, at *2 (Tenn. Crim. App. Dec. 14, 1994). Under the circumstances, Appellant is not entitled to relief with respect to this issue.

Appellant also argues that his attorney incorrectly advised him that he would be released after serving only thirty percent of his eight-year sentence. Appellant's attorney testified that he "vividly" recalled explaining to Appellant that "it was better for him to take an eight-year offer and serve thirty percent and be eligible for parole than to run the risk of possibly getting as much as fifty years out of . . . these two offenses, if the jury returned a verdict of guilty." (emphasis added) The trial court found that Appellant's testimony lacked credibility and reconciled the conflicting testimony in favor of Appellant's attorney. We believe that the evidence fully supports such a finding. See Cooper, 849 S.W.2d at 746; Butler, 789 S.W.2d 899.

Appellant has failed to adequately demonstrate deficient representation by his trial attorney.  Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOSEPH M. TIPTON, JUDGE